Alexander E. Fraser
vs.                    Eq. No. 10840.
Walter A. Wright

January 25, 1932.

WALSH, J.  Heard upon bill, answer and proof.

Augustus Wright died in Providence on October 16, 1908, leaving a last will and two codicils thereto which were duly admitted to probate. By the terms of said will and codicils the rest, residue and remainder of his real estate were devised to his two sons, Walter A. Wright, the respondent, and Aaron C. Wright, share and share alike, but with the share of said Aaron C. Wright devised to said Walter A. Wright in trust, to pay the net income from said Aaron's share to him for and during the term of his natural life and after Aaron's death to pay over the principal and any accumulated income from personal estate and to convey said· real estate to the child or children, if any living, and to the issue of any deceased child, or to such person or persons as the said Aaron C. Wright might by his last will and testament appoint, or in default of such child, children, issue or appointment, then to such person or persons as would be entitled thereto under the statute of distribution in the State of Rhode Island.

Aaron C. Wright died October 12, 1912, and the petitioner claims that said Aaron C. Wright never married, had no child, children or issue, never exercised the power of appointment above referred to, hence petitioner, as the grandson of Augustus Wright, is entitled to a one-half part of the share of said Aaron C. Wright in said trust estate,the respondent Walter A. Wright being entitled to the other one-half part.

Augustus Wright had three children, Walter A. Wright, Aaron ·C. Wright and ·Minerva Wright Fraser, who had one child, the petitioner. Minerva Wright Fraser is dead and the petitioner is her sole heir-at-law under our statute of distribution.

The preponderance of testimony in this case is to the effect that Augustus Wright in 1908 had determined that the petitioner in this case should not share in his estate to a greater extent than the $500 bequest to him in his will; that at that time, he had called in Dexter B. Potter, a lawyer of high standing in this community at the time, to draft a new will and certain other papers pertaining to petitioner; that this new will (if it was a will) and the papers mentioned are now missing; that in May, 1911, when petitioner attained the age of twenty-one years, he received his bequest from the estate of Augustus Wright and signed a receipt or release for the same. The petitioner says it was an ordinary receipt; the respondent says it was a release of all of petitioner's rights in the Estate of Augustus Wright and was the paper prepared by Dexter Potter in 1908 for the grandfather, Augustus Wright, which the grandfather termed a "clincher" and which the grandfather felt precluded the petitioner from asserting any further claim to a share in the estate of Augustus Wright.

It further appears that Aaron C. Wright did introduce a woman as his wife to the family but it is significant that after a few months this woman dropped out of Aaron's life and was not seen nor heard from thereafter. During his stay in Little Rock, Arkansas, this woman is not even known to Aaron's most intimate friends.  The respondent, Walter A. Wright, did not take any pains to locate this woman or to ascertain if Aaron left any children, either at the time of Aaron's death or subsequently.  If the marriage took place in Worcester as alleged, it would seem that a search of the records or an investigation of the woman's family by the respondent would result in evidence of some kind that a mar-

riage had taken place. Such evidence is entirely absent.

The next element in the case is the evidence that Aaron C. Wright executed a last will in which he left all of his property to respondent, Walter A. Wright. This alleged last will first appears when a woman from New Orleans, who claimed to be Aaron Wright's boarding mistress, sought to sell the document to respondent for $100 at Newport, Rhode Island. A clerk in the office of the respondent saw the document; the respondent saw the document. The evidence of the loss or destruction of this alleged last will is not forthcoming. There is evidence, however, that the respondent, Walter A. Wright, had been rendering substantial financial assistance to Aaron for some time.

Upon this state of evidence, the duty upon the petitioner is to satisfy us of the material allegations in his bill by a fair preponderance of the evidence. We must discard serious consideration of the last will of Aaron C. Wright because of the well settled rules regarding the proof of wills, especially of those claimed to have been lost or destroyed. Upon this phase, we think the law compels us to hold that Aaron C. Wright died intestate. Upon the question as to whether Aaron C. Wright was ever married, the preponderance of evidence compels us to hold that he was not married.

Upon the question of the effect of the paper signed by the petitioner when he received his bequest of $500 from the estate of Augustus Wright in May, 1911, we are forced to conclude from all the evidence and surrounding circumstances that the paper signed was in effect a release of all of his claims against the estate of Augustus Wright; that he knew it was such a release at the time he signed it, and that his subsequent oral statements and particularly his written statement to the respondent to the effect that the Broad-way property was getting valuable and that he, Walter A. Wright, should hold on to his property, confirmed the understanding and intent of the instrument that he executed.

The prayer for relief is, therefore, denied and dismissed.

For complainant: Huddy & Moulton, Stuart A. Tucker.

For respondent: Tillinghast & Collins.